Hymen P. GOLDWATER, Plaintiff,

and

William F. Dalton, Intervenor/Plaintiff,

v.

ALSTON & BIRD, Price Waterhouse, Centerre Bancorporation, Hospital Management Associates, Inc., (HMA) and H.M.A., Inc., the Jones, Bird 7 Howell Partners, Jones, Bird 7 Howell and Peter Wright, Jack Hereth, Futra Industries, Inc., and Hereth Jones, Inc., Gallop, Johnson 7 Newman and J. Neil Huber, Donald Gallop, Allan Johnson, Sanford, Newman, Thomas Lewin, P. Terence Crebs, and Stephen Rovak, Mt. Vernon Hospital, Inc., Jefferson County Health Facilities Authority, Inc., Michael A. Alexander, Robert O. Kent, Kenneth Martin, Jr., William D. Thackery, Floyd Collins and Max W. Schurtz, Peter Orr, Defendants.

Civ. No. 85–4302.

United States District Court, S.D. Illinois, Benton Division.

July 31, 1987.

---

G. Keith Phoenix, Kenneth W. Bean, Robert Ritter, Paul C. Hetterman, St. Louis, Mo., R. Alan Stotsenburg, David C. Harrison, Donna Glasgow, New York City, for plaintiff.

Mary Bonarcorsi, W. Stanley Walch, Barry Short, Daniel Claggett, Michael Vitale, St. Louis, Mo., Richard Boyle, Belleville, Ill., Paul D. Giamanco, Mt. Vernon, Ill., Al J. Pranaitis, Alton, Ill., Rebecca Jackson, David Slavkin, Frederick H. Mayer, Timothy K. Kellett, St. Louis, Mo., Mr. Lawrence A. Farese, Cummings & Lockwood, Naples, Fla., Joseph R. Davidson, Granite City, Ill., Peter J. Anderson, Kirk McAlpin, Atlanta, Ga., R.W. Wilson, Edwardsville, Ill., James Spiotto, Rick Bailey, Chapman & Cutler, Chicago, Ill., William Cobb, H. Marshall Korschun, Atlanta, Ga., Michael Pitzer, John Cunningham, Brown, James & Rabbitt, P.C., Mark G. Arnold, St. Louis, Mo., for defendants.

## ORDER

FOREMAN, Chief Judge:

Before the Court are the defendants' various Motions to Reconsider or Alternatively to Certify for Interlocutory Appeal (Documents No. 286, 289, 290, 291, and 292), as well as bond counsel defendants' and Gallop, Johnson defendants' Motion to Amend Notice of Class Determination. After much study and deliberation, the Court rules as follows.

### The Motions to Reconsider or Certify Pursuant to 28 U.S.C. § 1292(b)

The defendants' Motions to Reconsider were orally denied on July 14, 1987 (See *Minutes of Court,* July 14, 1987), and the Court reserved ruling on the § 1292(b) motions. The main thrust of the defendants' § 1292(b) argument is that the application of the fraud on the market theory in Rule 10b–5 cases is an unresolved, and therefore controlling, question of law in the Seventh Circuit. *See Memorandum* of Gallop, Johnson defendants p. 3. A review of the case law in this circuit however suggests that it is *not* an unresolved question. In fact, in a recent opinion Judge Easterbrook wrote that as early as 1977 the Seventh Circuit had impliedly adopted the fraud on the market approach to liability under Rule 10b–5. *Flamm v. Eberstadt,* 814 F.2d 1169, 1179 (7th Cir.1987). The judge went on to write that:

> The fraud-on-the market approach relieves the plaintiff of the need to show that he relied on or even read the misleading or incomplete disclosures....

*Flamm,* supra, at 1180.

Additionally, the defendants' contention that reliance as an issue has been misstated by this Court is seriously challenged by the Seventh Circuit's decision in *Teamsters Local 282 Pension Fund v. Angelos,* 762 F.2d 522 (7th Cir.1985). In *Angelos,* Judge Easterbrook wrote that "[l]iability follows from willful material misstatements or omissions plus causation in fact, not from 'justifiable reliance' in the common sense of that term." *Angelos,* supra, at 529. Furthermore, it was noted in the opinion that many cases allow recovery even though the plaintiff did not even see the false statement, let alone investigate or rely on it in fact. *Angelos,* supra, *id.*

While the Court is not prepared to say that the defendants are trying to deliberately mislead it, it is manifestly obvious

that the applicability of the fraud on the market theory is not an "unresolved" question in this circuit, notwithstanding the fact that the Seventh Circuit has never expressly adopted *Shors v. Sklar*. Also, the Court finds the Supreme Court's grant of certiorari in *Levinson v. Basic, Inc.*, 786 F.2d 741, *cert. granted,* —— U.S. ——, 107 S.Ct. 1284, 94 L.Ed.2d 142 (1987) non-dispositive in the matter at bar. *Levinson* involved the application of the reliance presumption in a *non-fraud* Rule 10b–5 case, a situation materially different than the instant case.

In the final analysis, it is apparent to the Court that the *real* issue here is whether or not it abused its discretion in certifying the class herein. That being the case, the Court upon deliberation finds that the issue is inappropriate for certification because it does not present a controlling issue of law the resolution of which would materially advance the termination of litigation. Accordingly, the defendants' Motions to Reconsider or Alternatively to Certify Pursuant to 28 U.S.C. § 1292(b) are hereby DENIED in their entirety.

The Motion to Amend Notice

Bond counsel defendants and Gallop, Johnson defendants have each filed a Motion to Amend Notice of Class Determination which the Court has reviewed. Upon review, the Court finds that they for the most part are an exercise in "nit picking." The purpose of the notice was conceded by all the parties at the July 14th meeting to be solely to inform the class members that a class action is pending and give them an opportunity to "opt out." It is *not* to be a long "brief" of the parties' positions, precise in every detail and slanted in such fashion as to please every litigant. The Court finds its prior notice adequate for these purposes and hereby DENIES bond counsels' and Gallop, Johnson's motions in their entirety.